## ROBY et al. v. DUNNETT et al.*
### No. 1428.

Circuit Court of Appeals, Tenth Circuit.
Jan. 19, 1937.

Rehearing Denied March 9, 1937.

F. E. Riddle, of Tulsa, Okl. (O. G. Rollins, of Tulsa, Okl., on the brief), for appellants.

W. V. Pryor, of Sapulpa, Okl. (Robert W. Raynolds, of Tulsa, Okl., on the brief), for appellees.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

Roby and others, as stockholders in the Operators Oil Company, a corporation, complained that Dunnett and others, also stockholders in said company, sold their stock and caused a consolidation of that company with the Sunray Oil Company. They averred that on or about the 22d day of November, 1929, the defendants herein owned or had under their control more than 60 per cent. of all the issued outstanding shares in said Operators Oil Company; that they dominated the corporation and on or about said day sold and delivered about 60,000 of said shares to the Sunray Oil Company and thus merged the two companies through collusion and fraud; that defendants were directors and officers of said Operators Company and recommended to the minority stockholders to sell and deliver their shares for a stated amount per share which would soon be offered them by the Sunray Company; that said defendants, officers, and stockholders owning a majority of said issued shares in the Operators Company sustained a fiduciary relation to plaintiffs; that defendants Dunnett, Cloud, and Wheeler wired to each of the plaintiffs that the offer of Sunray Company for their shares, of which they would be notified, would be one share of Sunray Company stock and $6 cash for each share of Operators stock; that the Sunray Company would make such offer to each of the plaintiffs by letter; that the wire sent to the plaintiffs "led the plaintiffs to believe, upon which they relied and so relying did believe, that the proposition so recommended was the same proposition upon which the defendants had sold their shares of stock to the said Sunray Oil Company." The wire so alleged to have been sent to plaintiffs said that in the opinion of the directors "the proposition is to the best interest of all stockholders." The plaintiffs in the first suit made these same allegations and were represented by the same counsel who appears for the plaintiffs in this suit.

The prayer for relief was a decree against each defendant for 75 cents a share for each share respectively owned by the complainants. That amount. was ascertained by this court on a prior appeal in a cause brought by other minority stockholders in the Operators Company against these same defendants. It was the same kind of a suit as this one. Our decision in that case is to be found in Dunnett et al. v. Arn et al., 71 F.(2d) 912. We omit stating the facts in detail here and refer the reader to our opinion in the former case.

The defendants made full answers in this case as they did in the prior case. They denied all allegations of fraudulent practices. They expressly deny that any of the plaintiffs or any of the minority stockholders of the Operators Company were induced to sell their shares to the

*Writ of certiorari denied 57 S.Ct. 940, 81 L.Ed. —.

Sunray Corporation by them. They deny all fraudulent intentions on their part.

Each of the five plaintiffs who recovered in the prior suit and the one who recovered in the present suit testified that in the acceptances of the offer made to them for their stock by the Sunray Company they believed from the telegram sent to them by Dunnett and Cloud and also signed by Wheeler, who was a director in the Operators Company, that Dunnett and Cloud were receiving for the 60,000 shares the same consideration per share that was offered to them for their stock, and that so believing and relying thereon they each accepted said offer. In the present case only one of the plaintiffs testified that he relied upon the representations in the telegram and acted thereon under ·said belief. Plaintiffs' counsel took the· position in the trial court that it was not necessary that the plaintiff establish by proof said allegations of the complaint of reliance in the truthfulness of the claimed misleading statements by defendants and action thereon by plaintiffs in disposing of their stock, because he contended we had held in the former case that defendants were trustees for the minority stockholders. The District Judge disagreed with the contention and in dismissing the bill in this case stated:

"On behalf of many of the plaintiffs there was no proof offered that they sold their stock in reliance on the telegram of November 27, 1929, or that the telegram induced them to make the sale. There was no proof that they did not know of the express provisions of the contract of November 22, 1929, when they accepted the offer of the Sunray. In other words there was no proof that these plaintiffs were deceived or induced to act by anything the defendants did or failed to do."

In our opinion in the first case, 71 F. (2d) 912, 920, we said:

"Plaintiffs below, whose names appear in the second group of minority stockholders, offered no proof. The general evidence showed that the telegram and letter were sent to them, and that they sold their stock upon the basis of the offer contained in the letter. There was no proof, however, that they did not know the express provisions of the contract of November 22, 1929, when they elected to accept the offer made by the Sunray Company. Absent this proof, we conclude that as to them the court did not err in dismissing without prejudice."

True, we did not there refer to the claimed misleading and deceptive acts of defendants in both pleadings and proof, but we were reviewing the whole case as made. They were undoubtedly material circumstances connected closely with the whole transaction, an important element in our conclusion, when the weight of authority is borne in mind to the effect that every stockholder, including a majority holder, is at liberty to dispose of his shares at any time and for any price to which he may agree without being liable to other stockholders under circumstances such as we have here as long as he does not dominate, interfere with, or mislead other stockholders in exercising the same rights. We noted that rule in our former opinion. We adhere to it. Clearly if a minority stockholder who received the telegram was not misled by it to his injury and sold his stock on his own judgment, wishes, or necessities he has no ground of complaint. Many other issues of fact between the parties were debatable. The defendants now contend, and contended in the prior· suit, that the minority stockholders received a better consideration for their stock than the defendants received; that they offered to sell their stock to the Sunray Company on the identical terms that were offered the minority group, but the Sunray refused them because that sort of a trade would require more ready cash than the one finally accepted by the defendants. The majority agreed in the contract set out in part in the first opinion that they would not dispose of their Sunray stock for six months thereafter. Every one knows that mining operations and the value of such property are liable to sudden fluctuations. Further, as part of the consideration they took $200,000 face value of bonds that had been theretofore issued by the Sunray and which were then purchasable at a considerable discount. They guaranteed payment of a $90,000 note payable to the Operators Company. It is true they were not thereafter required to meet their' guarantee. Dunnett and Cloud testified that they traded their stock in that way because the Sunray would not give them the same terms given to the minority stockholders. The plaintiffs were not suing for property that belonged to them which they had turned over to a trustee and which the trustee was wrongfully holding and refus-

70

ing to redeliver, but to establish a right to property which the defendants were asserting to be their own and lawfully entitled to retain.

We affirm the action of the District Court in dismissing the bill.

On Petition for Rehearing.

Before LEWIS and PHILLIPS, Circuit Judges.

PER CURIAM.

Appellants have filed a petition for rehearing herein in which they assert that in our opinion in the instant case, in holding it was incumbent on the plaintiffs to prove deception, we departed from our earlier opinion in Dunnett v. Arn, 71 F.(2d) 912, wherein the parties plaintiff were different but the transaction involved the same as in the instant case. While the transaction was not in form a sale by the corporation of its corporate assets, we held in Dunnett v. Arn, supra, it should be so regarded as to those stockholders who were deceived by the action of Dunnett and Cloud.

However, where a stockholder, acting with full knowledge of the facts and not misled by the misrepresentations of Cloud and Dunnett, elected to make an individual sale of his stock to the Sunray Company, such sale was neither in form nor substance a corporate transaction. Hence we held proof of deception was necessary. See Dunnett v. Arn, supra (C.C.A.) 71 F.(2d) 912, at page 920. The trial court rightly denied relief as to plaintiffs who failed to make proof of deception in the instant case.

The petition for rehearing is denied.